**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**THEODORE McGARY**,

      Plaintiff,

      v.

**CARRIE HESSLER-RADELET**, Director
of the Peace Corps, *et al.*,

      Defendants.

Civil Action No. 13-1267 (RDM)

---

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Plaintiff Theodor McGary brings this action against the Director of

the Peace Corps, another Peace Corps employee (who served as one of Plaintiff's supervisors),

and the former Chairwoman of the Equal Employment Opportunity Commission ("EEOC" or

"Commission").  The case arises in an unusual posture.  The EEOC has already concluded that

the Peace Corps unlawfully retaliated against Plaintiff for complaining that he was the victim of

racial discrimination, and it has granted him substantial relief—in excess of $400,000 for

backpay and interest.  Plaintiff, understandably, does not challenge the EEOC's liability

determination.  Rather, his principal claim is that the relief the Commission awarded failed to

make him whole.  This Court's authority, however, does not divide so neatly—a plaintiff may

not challenge an EEOC damage determination without re-litigating the question of liability.  *See*

*Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005).  As a result, Plaintiff's only options with

respect to his principal claim are to accept the Commission's decision and, if necessary, seek the

Court's assistance in enforcing that decision, or to reject that decision and start from scratch.  *Id*.

As Plaintiff explained at oral argument, it is his intention to follow the latter course.  Before

Plaintiff can do so, however, he must clear a number of hurdles raised in Defendants' motion to

dismiss.  *See* Dkt. 14.

Defendants' motion to dismiss raises five defenses.  The motion first argues that Plaintiff

did not bring his claim within the six-year default statute of limitations for claims against the

United States, 28 U.S.C. § 2101(a).  Defendants now concede, however, that this argument is

foreclosed by the D.C. Circuit's intervening decision in *Howard v. Pritzker*, 775 F.3d 430, 438

(D.C. Cir. 2015), and they have thus withdrawn the defense.  Dkt. 21.  Second, Defendants

contend that Plaintiff failed to file suit within 90 days of when he received notice of the EEOC's

final determination, as required by statute.  As explained below, that defense turns on issues of

fact and, accordingly, cannot be decided on a motion to dismiss.  Third, Defendants maintain that

Plaintiff cannot sue the EEOC for "alleged negligence or malfeasance in processing an

employment discrimination claim."  *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per

curiam).  At oral argument, however, Plaintiff clarified that he is not suing the EEOC on that

ground, but rather arguing that the Commission violated his rights by retaliating against him for

engaging in activity protected by the First Amendment.  Because that claim is not adequately

stated in the Complaint, the Court will grant Defendants' motion to dismiss the pending claim

against the EEOC.  To the extent Plaintiff wants to a constitutional claim, he may promptly file a

motion for leave to amend.  Fourth, Defendants argue that Plaintiff has failed to allege any cause

of action against any individual member of the Peace Corps, as opposed to a claim against the

Director, acting in her official capacity.  Plaintiff also clarified at oral argument that he is not

seeking to recover from anyone in their individual capacity, and thus the Court will also grant

Defendants' motion to dismiss the claim against David Janssen and, to the extent it is alleged,

any claim against the current or former Peace Corps Director acting in her or his personal

capacity.  Finally, Defendants argue that Plaintiff must choose whether he is seeking to enforce

the EEOC's order or challenging its determination.  Because Plaintiff made clear at oral

argument that he was seeking the latter, the Court will deny Defendants' request for clarification

as moot.

## I.     BACKGROUND

For purposes of Defendants' motion to dismiss, the following allegations are taken as

true.  *See, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Plaintiff Theodore McGary

was a Peace Corps employee when, in August 2000, he learned that two white coworkers had

received step increases while he received only a $400 cash award.  Compl. ¶ 1.  He responded by

contacting an Equal Employment Opportunity ("EEO") counselor and filing an EEO complaint

alleging racial discrimination.  *Id.*  A week later, Plaintiff's supervisor issued a proposed

reprimand, asserting that Plaintiff had made false charges and had created a hostile and

intimidating work environment.  *Id.* ¶ 2.  In September 2000, the deciding official issued the

reprimand, stating that he was "concerned that [Plaintiff] ha[d] raised charges of racism that are

inflammatory and do not appear to be relevant."  *Id.*  The deciding official further explained that

the reprimand, the proposed reprimand, and Plaintiff's response would all be placed in Plaintiff's

official personnel file ("OPF") for one year.  *Id.*  Plaintiff responded by filing a second EEO

complaint in October 2000, this time alleging that the reprimand was in retaliation for his racial-

discrimination complaint.  Compl. ¶ 3.  A month later, the same supervisor who recommend

Plaintiff's reprimand proposed that he be fired.  *Id.*  That recommendation was sustained in

January 2001.  *Id.* ¶ 4–5.  Plaintiff was initially placed on leave without pay, but after his appeal

to the Foreign Service Grievance Board was rejected, the Peace Corps fired Plaintiff on May 2,

2002.  *Id.*

The procedural history that followed was long and complex, spanning more than a decade and including an administrative hearing and appeal, along with numerous motions for reconsideration and for enforcement.  On multiple occasions along the way, Plaintiff contacted the office of Senator John Warner and asked for help moving the process along.  Compl. ¶¶ 7, 20.  He also requested similar assistance from the White House.  *Id.* ¶ 26.  The EEOC eventually found in Plaintiff's favor and directed that the Peace Corps expunge from its records any material related to Plaintiff's discharge, reinstate Plaintiff retroactive to the date on which he was terminated, pay his attorney's fees, and pay Plaintiff $15,000 in non-pecuniary damages.  *Id.* ¶ 11.  After the Peace Corps appealed, however, the Commission clarified or modified that order in certain respects.  *Id.* ¶ 28.  Among other things, in light of the Peace Corps's contention that it no longer possessed Plaintiff's employment records, the Commission rejected the contention that the Peace Corps was in "non-compliance" for failing to expunge them.  *Id.*  The EEOC also accepted the Peace Corps's argument that, absent unusual circumstances, employment with the Corps is limited to a period of five years, which precluded reinstatement and limited the amount of backpay due.  *Id.*  And, with respect to backpay, the Commission concluded that Plaintiff had not cooperated with the Peace Corps because he failed to provide evidence of his employment during the period following his termination, which would go to mitigation of damages.  *Id.*  The Commission did, however, provide Plaintiff with "one more opportunity to provide" the necessary information to the Peace Corps and cautioned that, if he failed to do so, he risked the loss of any right to receive backpay.  *Id.*  In response to Plaintiff's request for reconsideration, the Commission reaffirmed its decision and, once again, warned Plaintiff that a failure to provide information relating to his mitigation efforts could result in the denial of his claim for backpay.  *Id.* ¶ 31.

On April 26, 2013, the EEOC issued its final determination, denying Plaintiff's request for further reconsideration.  Dkt. 14-2.  Among other things, that order directed that the Peace Corps submit a compliance report to the Commission within 30 days "of the completion of all ordered corrective action."  *Id.* at 3.  The final determination also informed Plaintiff of his right to bring a civil action in federal district court "within ninety (90) calendar days from the date that [he] receive[d] th[e] decision," explained that, if he decided to bring suit, he should name "the person who is the official Agency head or department head," and cautioned that "[f]ailure to do so may result in dismissal of [his] case in court."  *Id.* at 4.  One hundred and two days after the Commission issued its final decision, Plaintiff filed this action against the Director of the Peace Corps, David Jannsen (one of Plaintiff's former supervisors) and the Chairwoman of the EEOC. Dkt. 1.  Although the complaint does not identify a specific cause of action, Plaintiff purports to "appeal" the EEOC's decision.  *Id.*  Among other relief, he seeks backpay, front pay, restoration of his Thrift Savings Plan account and matching contributions, expungement of his personnel file, and $2,000,000 for compensatory and punitive damages.  *Id.* ¶ 42.  If lieu of answering, Defendants filed the pending motion to dismiss.  Dkt. 14.

Almost a year after this action was commenced, the Peace Corps filed the required compliance report with the Commission.  Dkt. 14-3.  According to that report, Plaintiff ultimately provided the documentation necessary to assess potential mitigation of any backpay award.  *Id.* at 2.  Based on that information, the Peace Corps calculated the net backpay that it believed Plaintiff was due under the EEOC's order.  *Id.*  Before various deductions for taxes and retirement contributions, that amount came to $411,470.33.  *Id.*  According to the Peace Corps, it paid this amount to Plaintiff, and he does not dispute that he received it.  *Id.*

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges the Court's jurisdiction to hear the claim, and may raise a "facial" or "factual" challenge to the Court's jurisdiction.  A facial challenge asks whether the plaintiff has pleaded facts sufficient to establish the court's jurisdiction, while a factual challenge asks the court to "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C. Cir. 1992).  In other words, a facial challenge is confined to the four corners of the complaint, while a factual challenge permits the court to look beyond the complaint to satisfy itself that it has jurisdiction to hear the suit.  Whether the motion to dismiss is facial or factual, the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject-matter jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A motion to dismiss for failure to state a claim under Rule 12(b)(6), in contrast, must accept the factual allegations of the complaint as true and may not rely on evidence or factual material beyond those allegations.  A defendant can therefore prevail on a 12(b)(6) motion only by demonstrating that the facts, as alleged in the complaint, do not warrant relief as a matter of law.  In reviewing a 12(b)(6) motion, a court need not accept *legal* conclusions as true.  *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006).  Rather, the question for the court is whether and the *factual* allegations "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.     DISCUSSION

**A.     The Six-Year Statute of Limitations in 28 U.S.C. § 2401(a)**

Defendants' first argument in their motion to dismiss, Dkt. 14, asserted that the six-year statute of limitations in 28 U.S.C. § 2401(a) barred Plaintiff from pursuing his claim. *See* Dkt. 14-1 at 5–6. While Defendants' motion was pending, however, the D.C. Circuit issued its decision in *Howard*, 775 F.3d at 436, which held that § 2401(a) is inapplicable to Title VII. The government promptly informed the Court of this intervening authority and withdrew that basis for its motion to dismiss. Dkt. 21. The Court, therefore, need not address Defendants' first contention.

**B.      The 90-day Statute of Limitations in 42 U.S.C. § 2000e-16(c)**

Defendants, however, continue to press an alternative timeliness objection to Plaintiff's suit. In particular, Title VII permits an aggrieved federal employee or applicant for federal employment to sue his employer, but only "[w]ithin 90 days of receipt of notice of final agency action taken by [the] . . . [federal] agency . . . or by the [EEOC] upon an appeal from a decision or order of such . . . agency . . . on a complaint of discrimination based on race, color, religion, sex or national origin." 42 U.S.C. § 2000e-16(c). Here, there is no question that the EEOC issued its final decision on April 26, 2013, *see* Dkt. 14-2, and that Plaintiff filed his complaint with this Court on August 6, 2013, *see* Dkt. 1. That represents a gap of 102 days between issuance of the final decision and initiation of Plaintiff's lawsuit. Defendants recognize, however, that the statutory clock runs from "receipt of notice" of the EEOC's decision and not from the date of issuance. Defendants posit that there is a presumption that a complainant will receive notice within three to five days from issuance, and that, even with credit for an additional five days, Plaintiff's lawsuit was still untimely. Dkt. 14-1 at 7.

The first question the Court must consider is whether Title VII's 90-day statute of limitations imposes a jurisdictional barrier to suit or, rather, establishes an affirmative defense.

This matters for two reasons.  First, as explained above, to the extent Defendants' motion

challenges the Court's jurisdiction under Rule 12(b)(1), the Court may consider evidence outside

the pleadings.  *See Herbert*, 974 F.2d at 197.  Second, although not without exception, the

plaintiff typically bears the burden of proving that the Court has jurisdiction over the matter, *see*

*Lujan*, 504 U.S. at 561, while the defendant bears the burden of proof on most affirmative

defenses, *see, e.g.*, *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).

Absent explicit language from Congress stating otherwise, a statute of limitations defense

is not jurisdictional.  *See Day v. McDonough*, 547 U.S. 198, 205 (2006).  In the context of suits

against the government, however, application of this rule is complicated by the fact that statutes

of limitation arguably operate as a condition on the waiver of sovereign immunity.  That concern

is not present here, however, because the Supreme Court concluded in *Irwin v. Department of*

*Veterans Affairs* that the Title VII timely filing requirement is subject to equitable tolling, even

in suits against the government.  498 U.S. 89, 95 (1990).  As the D.C. Circuit has since

explained, *Irwin* thus stands for the proposition that "federal statutes of limitations are not

jurisdictional."  *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006).  That conclusion

indisputably applies to § 2000e-16(c), which was the specific statute of limitations at issue in

*Irwin*.  *See* 498 U.S. at 92; *see also Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 170 (D.D.C. 2011)

(holding that 42 U.S.C. § 2000e-16(c) is non-jurisdictional); *Williams v. Chu*, 641 F. Supp. 2d

31, 34 (D.D.C. 2009) (same).

As a result, Defendants' motion is not properly brought under Rule 12(b)(1), and thus

may proceed, if at all, under Rule 12(b)(6).  *See Jones v. Rogers Mem. Hosp.*, 442 F.2d 773, 775

(D.C. Cir. 1971) (per curiam).  It follows, moreover, that Defendants may rely only the factual

allegations contained in the complaint, which must be accepted as true, and any materials

incorporated in the complaint by reference.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117

F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we

may consider only the facts alleged in the complaint, any documents either attached to or

incorporated in the complaint and matters of which we may take judicial notice.").  The

complaint alleges that the EEOC's final decision was issued on April 26, 2013, and that the

action was commenced within 90 days of Plaintiff's "receipt" of that decision.  Dkt. 1 at 1.  It

says nothing, however, about when, where, and how Plaintiff "received" the decision.

      Against this background, the Court concludes that it cannot properly address the merits of

Defendants' statute of limitations defense at the motion to dismiss stage.  As all parties concede,

the 90-day period did not begin to run from the date the EEOC issued its decision; if it did,

Plaintiff's complaint would be untimely, because 102 days passed from the date the final

decision was issued (April 26, 2013) to the date the complaint was filed (August 6, 2013).  Under

the statute, what matters is when the decision was received.  On that question, the existing record

is both limited and silent.

      Despite this factual void, Defendants nonetheless argue that the merits of their statute of

limitations defense can be resolves as a matter of law, based on the "presumption that Plaintiff

received the EEOC [final decision] three or five days after the EEOC issued it."  Dkt. 14-1 at 7.

In support of this contention, they point to two decisions from this Court.  In the first, *Brewer v.*

*District of Columbia*, 891 F. Supp. 2d 126, 132 (D.D.C. 2012), the Court recognized a form of

the presumption Defendants proffer, but held merely that "[a]bsent evidence indicating

otherwise," courts presume that the EEOC decision was mailed on the day it issued, and that "[i]f

the delivery date is unknown," courts presume that the decision "was received 3 to 5 days after

being mailed."  *Id.*  That decision, however, arose at the summary judgment stage. Here, in

contrast, Defendants seek to rely on the presumption before Plaintiff has had the opportunity to

discover and present evidence that might show that "the delivery date is" in fact known.  The

second case, *Ruiz*, 763 F. Supp. 2d at 171, comes closer to supporting Defendants' position.  It

differs from the present case, however, in two important respects.  First, even providing the

plaintiff with the benefit of equitable tolling while his *in forma pauperis* application was

pending, the *Ruiz* court concluded that the plaintiff was 131 days late in filing his complaint.  *Id.*

at 173.  Thus, under any scenario, it would have been entirely implausible that the plaintiff

actually filed suit within 90 days of receipt of the right-to-sue letter.  Second, in the present case,

Plaintiff has represented that he was living in Japan at the time the EEOC issued its final

decision, *see* Dkt. 16 at 29, and it is not difficult to conceive that it took at least an additional

seven days for the forwarded decision to reach him there.  In any event, Defendants do not point

to any authority recognizing a presumed period of time necessary for overseas delivery.

Defendants also rely on a footnote in the Supreme Court's *per curiam* decision in

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam).  That

footnote, however, merely noted that "[t]he presumed date of receipt of the notice" was three

days after it was mailed.  It did so without analysis and, more importantly, without consequence

in the case, which addressed a different issue and which also noted that the plaintiff did not file a

complaint compliant with Rule 8 until "the 130th day after receipt of the right-to-sue letter."  *Id.*

at 148.  *See also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998)

(dicta).  What Defendants fail to grasp is that the "presumption" applied in *Baldwin*, like that

applied in *Brewer* and *Ruiz*, makes sense in the typical case, where several months after the

relevant events a plaintiff may not remember when he or she received an EEOC notice in the

mail.  In such a case, it is reasonable to presume that a recipient residing in the United States

received the notice within three to five days of when it was sent.  But the same does not apply

where the plaintiff was residing overseas and filed suit only a few days beyond the presumed

filing date.  More importantly, there is nothing in any of the cases cited by Defendants that

would deny a plaintiff, like McGary, an opportunity to attempt to rebut the "presumption."

Indeed, absent such an opportunity, there would be no difference between the 3-to-5 day mailing

rule that Defendants propose and, in effect, revising the statute to provide an absolute 95 days

from issuance (or mailing) of the decision, without regard to when "receipt of notice of final

action," 42 U.S.C. § 2000e-16(c), actually occurred.

Defendants also argue that Plaintiff's Japanese residence is irrelevant because the statute

began to run when the EEOC notice arrived (or presumptively arrived) at his address in

Fredericksburg, VA.  In support of this, Defendants rely on an EEOC regulation that provides:

"The person claiming to be aggrieved has the responsibility to provide the [EEOC] with notice of

any change in address and with notice of any prolonged absence from that current address so that

he or she can be located when necessary during the Commission's consideration of the charge."

29 C.F.R. § 1601.7(b).  Defendants assert that Plaintiff did not update his address with the

EEOC, and so the 90-day window opened when the notice arrived at his address on file.  But

even assuming for present purposes that this regulation carried with it the consequences that

Defendants posit, Defendants' argument turns on facts that are not properly before the Court at

this stage of the proceeding.  Most notably, neither the complaint nor any incorporated material

show what address was on file with the EEOC, whether Plaintiff updated his address, or whether

the EEOC was aware of Plaintiff's actual whereabouts.  These questions, moreover, are not

merely hypothetical.  As Plaintiff notes, the EEOC apparently sent a copy of a compliance letter

to Plaintiff at his address in Japan just eight months before it sent its final decision to his

Fredericksburg address.  *See* Dkt. 19 at 22.  The Court does not express a view on the ultimate

merits of this dispute, but merely concludes that it raises factual issues not suitable for resolution

on a motion to dismiss.

Finally, relying on *Snead v. Mosbacher*, No. 89-2508, 1991 WL 7166 (D.D.C. Jan. 9,

1991), *aff'd*, 953 F.2d 688 (D.C. Cir. 1992) (per curiam), Defendants argue that Plaintiff cannot

toll the statute of limitations after failing to update his address.  That argument, however, is

premature.  At this early stage in the litigation, Defendants must first carry their burden of

showing that Plaintiff failed to file in a timely manner.  Only at that point does the burden shift to

Plaintiff to show that the statute of limitations was equitably tolled.  *See Gupta v. Northrop

Grumman Corp.*, 462 F. Supp. 2d 56, 59 (D.D.C. 2006).  Plaintiff is not properly put to this

burden, however, on a motion to dismiss under Rule 12(b)(6).

For these reasons, the Court concludes that further factual development and briefing is

necessary before it can determine whether the Plaintiff's claim is barred by the 90-day statute of

limitations in 42 U.S.C. § 2000e-16(c).  Defendants' motion to dismiss the complaint as untimely

is, therefore, denied.

**C.      Plaintiff's Claim Against the EEOC and Its Chair**

Plaintiff named the former EEOC Chairwoman, the late Jacqueline Berrien, among the

Defendants in his complaint.  Dkt. 1 at 1.  As Defendants correctly argue, however, "Congress

has not authorized, either expressly or impliedly, a cause of action against the EEOC for the

EEOC's alleged negligence or other malfeasance in processing an employment discrimination

charge."  *Smith*, 119 F.3d at 34.  Plaintiff does not dispute this rule and explained at oral

argument that he is not suing the EEOC or its chair under this theory.  Instead, he asserted that

his claim is premised on the EEOC's alleged retaliation against him for bringing his complaints

of administrative delay and other concerns to the attention of Senator Warner and the White

House.  According to Plaintiff, this alleged retaliation violated his constitutional rights, including

his right to equal protection and his rights under the First Amendment.

That, however, is not a claim that Plaintiff has brought.  His complaint contains no

allegation of any constitutional deprivation, and it fails to allege any claim premised on the

Constitution.  For the reasons given by Defendants, and because Plaintiff does not contend that

he is entitled to sue the EEOC under Title VII for how it handled his discrimination charge, the

Court will grant Defendants' motion to dismiss the claims against the EEOC and its chairwoman.

To the extent Plaintiff seeks to bring a constitutional claim against the Commission or others

based on his contacts with Senator Warner and the White House, he may promptly seek leave to

amend his complaint to do so.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P.

15(a).

**D.     Plaintiff's Claim Against Individual Peace Corps Employees**

Also among the Defendants named in Plaintiff's complaint were both Aaron S. Williams,

the director of the Peace Corps, and David Janssen, the director of the human rights office at the

Peace Corps at the time Plaintiff brought his suit.  Dkt. 1 at 1.  Title VII, however, provides that

in a suit by an aggrieved employee seeking review of an EEOC decision, "the head of the

department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).

At oral argument, Plaintiff did not object to the Court narrowing the Defendants so that only the

Director of the Peace Corps *acting in her official capacity* remains the appropriate Defendant—

at least pending any motion for leave to amend the complaint to add additional claims or parties.

The Court will, accordingly, dismiss Janssen as a Defendant, substitute the Peace Corps's current

director, Carrie Hessler-Radelet, for Aaron S. Williams, and dismiss any aspect of the current

complaint that seeks to recover against an individual plaintiff in his or her personal capacity.

**E.       Plaintiff Seeks Review of the EEOC's Decision**

Finally, Defendants ask the Court to dismiss Plaintiff's complaint because he appears to

seek simultaneous enforcement of the EEOC's administrative decision and review of the merits

of that decision.  Dkt. 14-1 at 10–11.  The government is correct that Plaintiff must choose his

path and cannot seek both enforcement and review of the decision below.  *Scott*, 409 F.3d at 469.

At oral argument, Plaintiff stated repeatedly and emphatically that he was seeking review of the

EEOC's decision.  As the Court has explained, that course requires that Plaintiff, in essence, start

from scratch and prove both liability and damages.  Although pursuing that approach presents

certain risks to Plaintiff, it is his choice to make.  Because he has clarified on the record that he

intends to pursue this course, there is no basis to require that he revise his complaint to clarify

this point.  The Defendants' request for clarification is, accordingly, denied as moot.

## IV.       CONCLUSION

For the reasons discussed above, the government's motion to dismiss under Fed. R. Civ.

Pro. 12(b)(1) and 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART**.

        **SO ORDERED**.


                                        /s/ Randolph D. Moss
                                        RANDOLPH D. MOSS
                                        United States District Judge


Date:  February 25, 2016

14